O

# United States District Court
# Central District of California

| | |
|---|---|
| OMRI MERON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREEN TREE MORTGAGE CO.;<br>GREEN TREE SERVICING, LLC; RBS<br>CITIZENS; and DOES 1-100, inclusive,<br><br>　　　　　　　Defendants. | Case № 2:15-cv-06075-ODW (MRWx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [10]** |

## I.　INTRODUCTION

Defendant Green Tree Servicing LLC moves to dismiss the Complaint under Rule 12(b)(6).  For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.[1]  (ECF No. 10.)

## II.　FACTUAL BACKGROUND

The following summarizes the facts that the Court is able to discern from Plaintiff Omri Meron's oft-incoherent Complaint.  Plaintiff is the owner of real property located in Los Angeles, California.  (Compl. ¶ 1.)  Defendants Green Tree Mortgage Co., Green Tree Servicing LLC, and RBS Citizens are the owners of a

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

junior mortgage on Plaintiff's property. (*Id.* ¶¶ 5, 6.) At some point, Plaintiff began suffering "economic difficulties," and "reached out" to Defendants to help him "retain the subject home" by modifying the loan. (*Id.* ¶¶ 5, 6, 9.) Defendants rejected Plaintiff's request. (*Id.* ¶ 12.) Defendants then allegedly made harassing calls to Plaintiff and threatened to foreclose on his home. (*Id.* ¶¶ 12–13.) Defendants also allegedly violated a consent decree entered against them in another action, although it is unclear how that relates to Plaintiff's claims. (*Id.* ¶¶ 10–11.) Finally, Plaintiff alleges that Defendants engaged in a "shell game," in which Defendants promised to modify the loan on condition that Plaintiff was not in default on that loan. (*Id.* ¶ 22.)

Plaintiff asserts the following causes of action: (1) Declaratory Relief; (2) Unfair Business Practices; (3) Violation of the Fair Debt Collection Practices Act; (4) Violation of the Real Estate Settlement Procedures Act; (5) Negligent Infliction of Emotional Distress; (6) Intentional Infliction of Emotional Distress; and (7) Preliminary and Permanent Injunction.

On June 30, 2015, Plaintiff filed this action in the Los Angeles Superior Court. (ECF No. 1-1.) On August 11, 2015, Defendant Green Tree Servicing LLC ("Defendant") removed the action to this Court.[2] (ECF No. 1.) On August 17, 2015, Defendant moved to dismiss Plaintiff's Complaint. (ECF No. 10.) Plaintiff filed an untimely Opposition, and Defendants filed a Reply shortly thereafter.[3] (ECF Nos. 14, 15.) Defendant's Motion is now before the Court for consideration.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal

---

[2] Only Defendant Green Tree Servicing LLC has responded to the Complaint. Defendant RBS Citizens consented to the removal of the case, but does not appear to be have been served. Defendant Green Tree Mortgage Co. also has not been served, and in fact appears to be a non-existent entity. (*See* ECF No. 1.)

[3] The Court exercises its discretion to consider the untimely Opposition and Reply filed by the parties.

theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### IV. DISCUSSION

Plaintiff's Opposition merely recites the standard of review on a Rule 12(b)(6) motion, and does not substantively respond to any argument that Defendant makes. The failure to substantively oppose a motion to dismiss can be "construed as a waiver or abandonment of those issues warranting dismissal of [those] claims." *Shorter v. L.A. Unified Sch. Dist.*, No. CV 13-3198 ABC AJW, 2013 WL 6331204, at *5 (C.D.

Cal. Dec. 4, 2013); *see also, e.g.*, *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("Without any 'overture to the district court to suggest that [the plaintiff] had a continuing interest in pursuing [a claim after the defendant filed a motion to dismiss that claim] the district court had no reason to consider the contention that the claim . . . could not be dismissed.'" (citation omitted)); *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived." (citing *Pers. Elec. Transports, Inc. v. Office of U.S. Tr.*, 313 F. App'x 51, 52 (9th Cir. 2009))), *aff'd*, 646 F.3d 1240 (9th Cir. 2011); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries,* 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."); *United States v. Ramirez*, 448 F. App'x 727, 729 (9th Cir. 2011) (making conclusory arguments without citation to authority is insufficient to preserve the argument). Moreover, because Plaintiff is represented by counsel in this action, the Court is not obligated to liberally construe the filings submitted on his behalf. Thus, the Court finds that Plaintiff's failure to provide a defense for any of his claims in opposition to the Motion is in effect a concession that those claims lack merit.

Plaintiff's only substantive argument in opposition is that Defendant's counsel did not meet and confer prior to filing the Motion. *See* C.D. Cal. L.R. 7-3. This is frivolous. Plaintiff's counsel concedes that Defendant's counsel left him a voicemail seven days prior to filing this Motion stating his intent to move to dismiss the action. (Opp'n, Decl. Nehoray ¶ 2; Mot., Decl. Noble ¶¶ 2–4.) Defendant's counsel sent a follow-up email to Plaintiff's counsel three days later. (Decl. Noble ¶ 4.) Plaintiff cannot ignore opposing counsel's meet and confer attempts and then claim that opposing counsel did not comply with Local Rule 7-3.

Finally, Plaintiff does not state, and the Court cannot discern, how Plaintiff's Complaint could be saved by amendment. As a result, dismissal of Plaintiff's claims

against Defendant without leave to amend is appropriate.

## V.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss without leave to amend.  (ECF No. 10.)  Defendant Green Tree Servicing LLC is hereby dismissed from the action.

**IT IS SO ORDERED.**

October 9, 2015

_____
 **OTIS D. WRIGHT, II**
 **UNITED STATES DISTRICT JUDGE**