O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| OMRI MERON, | Case № 2:15-cv-06075-ODW (MRWx) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION** |
| GREEN TREE MORTGAGE CO.; GREEN TREE SERVICING, LLC; RBS CITIZENS; and DOES 1–100, inclusive, | |
| Defendants. | |

## I.   INTRODUCTION

On October 9, 2015, the Court dismissed Plaintiff Omri Meron's Complaint against Defendant Green Tree Servicing LLC without leave to amend. (ECF No. 18.) The Court also ordered Plaintiff to show cause, no later than October 23, 2015, why Defendants Green Tree Mortgage Co. and RBS Citizens should not be dismissed for lack of prosecution. (ECF No. 17.) To date, Plaintiff has not filed a proof of service of summons for either defendant, nor have they shown cause as to why service has not been effected. Consequently, the Court **DISMISSES** the action for failure to prosecute and failure to comply with court orders.

## II.   FACTUAL BACKGROUND

The following summarizes the facts that the Court is able to discern from

Plaintiff's oft-incoherent Complaint.  Plaintiff is the owner of real property located in Los Angeles, California.  (Compl. ¶ 1.)  Defendants Green Tree Mortgage Co., Green Tree Servicing LLC, and RBS Citizens are the owners of a junior mortgage on Plaintiff's property.  (*Id.* ¶¶ 5, 6.)  At some point, Plaintiff began suffering "economic difficulties," and "reached out" to Defendants to help him "retain the subject home" by modifying the loan.  (*Id.* ¶¶ 5, 6, 9.)  Defendants rejected Plaintiff's request.  (*Id.* ¶ 12.)  Defendants then allegedly made harassing calls to Plaintiff and threatened to foreclose on his home.  (*Id.* ¶¶ 12–13.)  Defendants also allegedly violated a consent decree entered against them in another action, although it is unclear how that relates to Plaintiff's claims.  (*Id.* ¶¶ 10–11.)  Finally, Plaintiff alleges that Defendants engaged in a "shell game," in which Defendants promised to modify the loan on condition that Plaintiff was not in default on that loan.  (*Id.* ¶ 22.)

On June 30, 2015, Plaintiff filed this action in the Los Angeles Superior Court. (ECF No. 1-1.)  On August 11, 2015, Defendant Green Tree Servicing LLC ("Defendant") removed the action to this Court.  (ECF No. 1.)  On August 17, 2015, Defendant Green Tree Servicing LLC moved to dismiss Plaintiff's Complaint.  (ECF No. 10.)  On October 9, 2015, the Court granted the motion without leave to amend. (ECF No. 18.)  The Court also ordered Plaintiff to show cause, no later than October 23, 2015, why Defendants Green Tree Mortgage Co. and RBS Citizens should not be dismissed for lack of prosecution.  (ECF No. 17.)  To date, Plaintiffs have not filed a proof of service of summons for either remaining defendant, nor have they shown cause as to why they have not served them with the Complaint.

### III.  LEGAL STANDARD

A district court has authority to *sua sponte* dismiss an action for failure to prosecute or failure to comply with court orders.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  A court must weigh five factors when determining whether to dismiss a case under Rule 41(b): (1) the public's interest

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). These factors exist as a framework for the Court's consideration before dismissing a case, but "are not a series of conditions precedent before the judge can do anything." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

## IV. DISCUSSION

The Court finds that each factor weighs in favor of dismissal. As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). As to the second factor, the Court must "manage its docket without being subject to routine noncompliance of litigants." *Id.* Here, Plaintiff has not served two of the three named defendants, and has failed to show cause for not doing so. Such delay and clear noncompliance with court orders substantially hinders the Court from discharging its duty to bring cases to a speedy conclusion, and thus this weighs in favor of dismissal.

As to the third factor, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* Here, this case was filed in the Los Angeles Superior Court in June 2015, and was removed to this Court in August 2015. (ECF Nos. 1, 1-1.) Yet Plaintiff still has not even served the Complaint on two of the three named defendants. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 642. Moreover, Plaintiff offers no explanation for the delay, despite being ordered by the Court to do so. The remaining Defendants should not have this matter hanging over their heads while Plaintiff essentially ignores the case. Thus, this factor also weighs in favor of dismissal.

The fourth factor—availability of less drastic sanctions—also counsels

dismissal. Plaintiff submitted an untimely opposition to Defendant Green Tree Servicing LLC's motion to dismiss, which did little more than regurgitate the Rule 12(b)(6) standard and did not substantively respond any arguments that Defendant made. (ECF No. 14.) After granting the motion without leave to amend, the Court ordered Plaintiff to show cause for his failure to prosecute this matter as to the remaining Defendants. Plaintiff ignored the Order. It is therefore clear to the Court that Plaintiff has little interest in prosecuting his case (let alone diligently prosecuting the case), and that less drastic alternative sanctions would not inspire Plaintiff to do so.

Finally, "[p]ublic policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal." *Pagtalunan*, 291 F.3d at 642. However, this factor alone will not prevent dismissal where all other factors weigh in favor of dismissal. *Id.*

## V. CONCLUSION

For the reasons discussed above, the Court **DISMISSES** the action in its entirety under Rule 41(b). The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

November 24, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**